Case 1:25-cv-00266   Document 4   Filed on 11/26/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
November 26, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| **JHONNATAN MANUEL LOPEZ MORALES**, §<br>    Petitioner, §<br> §<br>v. §<br> §<br>**KRISTI NOEM**, in her official capacity, §<br>Secretary, U.S. Department of Homeland §<br>Security, *et al.*, §<br>    Respondents. § | Civil Action No: 1:25-cv-00266 |

## ORDER

Before the Court is Petitioner Jhonnatan Manuel Lopez Morales' "Petition for Writ of Habeas Corpus" (Lopez Morales' "§ 2241 Petition"). Dkt. No. 1. Lopez Morales, a Venezuelan citizen, claims that his detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. Dkt. No. 1 at 4, 14. Lopez Morales claims that 8 U.S.C. § 1226 should apply to him, and not, as Respondents argue, § 1225. Dkt. No. 1 at 4.

It does not plainly appear from the § 2241 Petition that Lopez Morales is not entitled to the requested relief. Lopez Morales's allegations, taken together, suffice to raise genuine questions as to which statutory section properly applies to him and what relief, if any, he is entitled to. Therefore, the Court must "forthwith award the writ [of habeas corpus] or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. "The writ, or order to show cause shall be directed to the person having custody of the person detained," and must be returned within three days unless good cause exists to require additional time, not to exceed twenty days. *Id.*

The United States Supreme Court has made clear that for the purposes of a habeas corpus petition under 28 U.S.C. § 2241, the only proper respondent is the immediate

custodian of the petitioner with the ability to produce the petitioner before the Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court, then, notes that the proper respondent is the custodial officer of the facility where Lopez Morales is detained. *See id.*

Here, Lopez Morales is held at the El Valle Detention Facility ("El Valle") in Raymondville, Texas. Dkt. No. 1 at 2. Lopez Morales's custodian, then, would appear to be the facility administrator of El Valle, Francisco Venegas. *Rumsfeld v. Padilla*, 542 U.S. 426, 440 n.13 (2004) (noting that "the proper respondent [in a § 2241 habeas action] is the person responsible for maintaining…the custody of the prisoner."); *see e.g. David v. Venegas*, No. 1:25-cv-00136, Dkt. No. 7 at 1–2 (S.D. Tex. 2025) (Torteya, J.) (directing the Clerk of Court to substitute Venegas for El Valle Detention Facility as the proper respondent in a § 2241 habeas action).

Additionally, Federal Rule of Civil Procedure 10(a) requires that "every pleading must have a caption with the court's name…" FED. R. CIV. P. 10(a). Here, Lopez Morales' case caption in their §2241 Petition refers to the Court as "States District Court Southern District of Texas Brownsville". Dkt. No. 1 at 1. Petitioner's counsel are hereby **NOTICED** that the proper caption for cases filed in this Court is:

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

It is **ORDERED** that Venegas has **20 days** from the service of the § 2241 petition to state why the writ of habeas corpus should not issue. The Court will set a deadline for Lopez Morales's reply after Venegas's filing.

The Clerk of Court is **DIRECTED** to correct the docket to reflect Francisco Venegas as the respondent, and to terminate all other listed respondents. If Venegas is no longer the custodial officer for El Valle, the Government shall inform the Court of who is the proper respondent.

**SO ORDERED.**

**SIGNED** on this **26th** day of **November, 2025**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**