UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JHONNATAN MANUEL LOPEZ MORALES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:25-CV-266 |
| | § | |
| PAMELA BONDI, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Jhonnatan Manuel Lopez Morales seeks reconsideration of the Court's Order (Doc. 23) denying him habeas relief. (Motion, Doc. 24)

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence[.]" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003). A manifest error is one that "is plain and indisputable, and that amounts to a complete disregard of the controlling law[.]" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).

Here, Petitioner has not established any error of law, much less a manifest error. He also has not provided newly discovered evidence that materially alters the Court's analysis.

Petitioner references that he was granted temporary protected status in May 2024. (Motion, Doc. 24, 7) His Petition, however, includes no allegation of and no claim based on TPS status. As a result, the reference to TPS status does not constitute grounds for a reconsideration of the Court's resolution of the claims within the Petition.[1]

---

[1] The Court's Order denying Petitioner's petition for writ of habeas corpus would not preclude Petitioner filing a new matter based on the alleged temporary protected status, should he believe that he possesses such a claim.

1 / 2

Accordingly, it is:

**ORDERED** that Petitioner Jhonnatan Manuel Lopez Morales's Motion for New Trial (Doc. 24) is **DENIED**.

Signed on March 31, 2026.

_Fernando Rodriguez, Jr._
Fernando Rodriguez, Jr.
United States District Judge